HENRY W. MERRIWETHER and ROBERT L. HILL, impleaded with RICHARD B. HILL, appellants, *v.* SAMUEL SMITH, who sues for the use of CHARLES GREGORY, appellee.

### *Appeal from Greene.*

In an action against the makers, upon a promissory note, the defendants pleaded that the plaintiff represented to them that he was the owner in fee simple of a certain lot of land, and that if the defendants would execute the note declared on, he would make a good and perfect title to said lot of land, as soon as the note was executed. That they executed the note in consideration of the plaintiff's promise to make them a good and sufficient deed for said lot of land ; and he did not, at the time of making the note, or at any time thereafter, make a good and sufficient deed for said lot ; and in truth and in fact he had no title whatever to the same : *Held*, on demurrer to the declaration, that the plea was bad for duplicity : *Held*, also, that it was doubtful whether the defendants did not base their allegation that the plaintiff did not execute a good and sufficient deed for the lot, because he had no title to convey.

*Semble*, That if a deed ·of any kind had been executed, it should have been distinctly set forth in the plea, and if it contained no covenants of title, then, in the absence of fraud, the question of title would have been at the risk of the grantee ; and if covenants of title were inserted in the deed, it would have been incumbent on the grantee to have relied on them.

It is error to render a judgment against a defendant who is not served with process,

and who does not appear, although his co-defendants have been regularly summoned and pleaded to the action, and judgment is rendered against them.

THIS cause was tried in the Court below, at the August term, 1839, before the Hon. William Thomas.

J. J. HARDIN and R. L. DOYLE, for the appellants.

S. T. LOGAN for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *debt* brought on a promissory note in favor of Smith, for the use of Gregory, against Merriwether, Richard B. Hill, and Robert L. Hill. The summons was served on Merriwether and Robert L. Hill, and returned not found as to Richard B. Hill. The defendants, Merriwether and Robert L. Hill, pleaded specially that Smith represented to them that he was the owner in fee simple of a certain lot of land, and that if the defendants would execute the note declared on, he would make a good and perfect title to said lot of land, as soon as the note was executed. That they executed the note in consideration of the promise of Smith to make them a good and sufficient deed for said lot of land ; and they aver that he did not, at the time of making the note, or at any time thereafter, make a good and sufficient deed for said lot ; and in truth and in fact the said Smith had no title whatever to said lot of land. Wherefore, the consideration of said note had wholly failed.

To this plea Smith demurred in short, by consent, and the defendants below joined in demurrer. The Court below sustained the demurrer, and gave judgment against all three of the defendants. The assignment of errors questions the correctness of the decision in sustaining the demurrer, and in rendering judgment against Richard L. Hill, who had not been served with process, and had not appeared. The plea was clearly bad. It is double, in this, that it alleges that plaintiffs did not convey the lot by a good and sufficient deed, and that he had no title to convey. The plea is also uncertain, in this, that it is doubtful whether the defendants do not base their allegation that the plaintiff did not execute a good and sufficient deed for the lot, because he had no title to convey. If a deed of any kind was executed, that fact should have been distinctly set forth ; and if it contained no covenants of title, then in the absence of fraud, the question of title would have been at the risk of the grantee ; and if covenants had been inserted in the deed, it would have been incumbent on the grantee to have relied on them. The Court consequently decided correctly in overruling the special plea. It was, however, error in giving judgment against Richard L. Hill. For this error, the judgment is reversed with costs, and the cause remanded with directions to enter judgment against the defendants who were served with

32 DECEMBER TERM, 1839.

process, and to enter an order to enable the plaintiff below to take out a *scire facias* against the defendant not served.

*Judgment reversed.*

*Note.* See Kirkland *v.* Lott & Dailey, *Ante;* Tyler *v.* Young *et als., Post.* Miller *v.* Howell, 1 Scam.